IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00188-WYD-CBS

WILLIAM E. HARVEY,
          Plaintiff,
v.

UNITED STATES OF AMERICA,
          Defendant.

_____
____

ORDER
_____
____

Magistrate Judge Craig B. Shaffer

      This civil action comes before the court on: (1) Harvey's "Motion and Supporting

Brief to Exclude Partial Transcripts Submitted by Defendant or, in the Alternative, to

Submit Complete Copies Rule 106, Federal Rules of Evidence" (filed May 31, 2005)

(doc. # 79); and (2) Harvey's "Motion and Supporting Brief for Continuance of

Proceedings on Defendant's Motion for Summary Judgment Pending Availability of

Evidence in Opposition Rule 56(f) Fed. R. Civ. P." (filed May 31, 2005) (doc. # 80).

Pursuant to the February 12, 2004 Amended Order of Reference and the

memorandum dated May 31, 2005 (doc. # 81), the motions were referred to the

Magistrate Judge. Defendant does not object to Harvey's request for an extension of

time to respond to Defendant's pending Motion for Summary Judgment.  Defendant

objects to Harvey's request that Defendant provide him, free of charge, copies of

1

deposition transcripts.  The court has reviewed the pending motions, Defendant's Responses (filed June 16, 2005) (docs. # 82 and 83), the entire case file, and the applicable law and is sufficiently advised in the premises.

Attached in support of Defendant's Motion for Summary Judgment were portions of transcripts of depositions taken in the case.  Harvey asks the court to either strike the portions of transcripts attached to Defendant's Motion for Summary Judgment or to require Defendant to provide Harvey copies of the complete transcripts of the depositions.

First, pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, partial deposition transcripts are permitted as exhibits to summary judgment motions.  *See* D.C. COLO. LCivR 56.1(C) ("Parties shall limit exhibits to essential portions of documents").

Second, the only authority Harvey cites in support of his request is Rule 106 of the Federal Rules of Evidence, governing admission of writings or recorded statements. Harvey offers no factual, statutory or judicial authority to support his request.  Rule 30 of the Federal Rules of Civil Procedure contains explicit provisions governing the obtaining of copies of depositions.  Defendant conducted the depositions of several witnesses pursuant to the requirements of Fed. R. Civ. P. 30(a).  Defendant ordered transcripts of the depositions and received them upon payment of the applicable fee.  Harvey now seeks gratuitous copies of the complete

2

deposition transcripts at Defendant's expense.  Rule 30(f)(2) provides that "**[u]pon payment of reasonable charges therefor**, the officer shall furnish a copy of the deposition to any party or to the deponent").  "Absent from Rule 30 is any provision entitling an adverse litigant, even an adverse indigent litigant, to free transcripts of a deposition." *Rivera v. DiSabato*, 962 F. Supp. 38, 40 (D. N.J. 1997).

Third, "it is well-settled that litigants generally bear their own litigation expenses." *Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993).  "[P]laintiff's obligations, even as an indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants." *Rivera*, 962 F. Supp. at 40 (citing *Doe v. United States of America*, 112 F.R.D. 183, 184-85 (S.D.N.Y.1986) ("[A] defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay such expenses. Indeed such a rule would in effect force defendants to finance much of their indigent adversary's trial preparation regardless of the outcome of the case"); *Badman v. Stark*, 139 F.R.D. 601, 605-06 (M.D. Pa.1991) ("[a] defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees")).

Finally, Harvey "attended and participated in all of the depositions and therefore was able to take notes and compile information from the live testimony." *Tabron*, 6 F.3d at 159.  Defendant has offered to make the deposition transcripts available to Harvey for his review at its defense counsel's office.  Harvey represented to the court on May 5, 2005 and May 17, 2005 that he will be in Colorado in the near future in order

to designate  the two additional expert witnesses that the court authorized on May 17,

2005.  Harvey has not presented sufficient legal authority or factual grounds for his

request for gratuitous copies of the complete deposition transcripts at Defendant's

expense.

Accordingly, IT IS ORDERED that:

1.      Harvey's "Motion and Supporting Brief to Exclude Partial Transcripts

Submitted by Defendant or, in the Alternative, to Submit Complete Copies Rule 106,

Federal Rules of Evidence" (filed May 31, 2005) (doc. # 79) is DENIED.

2.      Harvey's "Motion and Supporting Brief for Continuance of Proceedings

on Defendant's Motion for Summary Judgment Pending Availability of Evidence in

Opposition Rule 56(f) Fed. R. Civ. P." (filed May 31, 2005) (doc. # 80) is GRANTED.

**Harvey shall file his response to Defendant's pending Motion for Summary**

**Judgment on or before July 15, 2005.**

DATED at Denver, Colorado, this 5th day of July, 2005.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

4