IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-188-WYD-CBS

WILLIAM E. HARVEY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATION**

    THIS MATTER is before the Court in connection with Defendant's Motion to Strike Expert Report and Expert Testimony of Elisabeth Harvey [# 103], filed September 19, 2005.  This motion was referred to Magistrate Judge Shaffer for a recommendation by Amended Order of Reference dated February 12, 2004.  A Recommendation of United States Magistrate Judge was issued on November 7, 2005, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

    Magistrate Judge Shaffer recommends therein that Defendant's motion be granted.  Elisabeth D. Harvey is a registered nurse, licensed in the state of California, whom Mr. Harvey designated as an expert in his medical malpractice action.  Ms. Harvey would testify that the Bureau of Prisons' physicians and physician assistants failed to meet the standard of care in diagnosing and treating Mr. Harvey.

Recommendation at 5.  Magistrate Judge Shaffer found that Ms. Harvey "is not trained and has never practiced as a physician or a physician assistant.  (*See* Exhibit A-3 at pp. 68-71).  She does not know what training is required for physician assistants. (*See* Exhibit A-3 at pp. 70-71).  She is not familiar with the practice standards for physician assistants in Colorado. (*See* Exhibit A-3 at pp. 75-76).  She has not treated any lung cancer patients, done any physical exams, or interpreted any x-rays in at least the past ten years. (*See* Exhibit A-3 at pp. 46-49)." *Id.* at 6.

Magistrate Judge Shaffer states, "The court cannot conclude that Ms. Harvey's personal experiences and observations of other nurses and physician assistants makes her qualified under Colorado law to give opinion testimony on the standard of care for physicians and physician assistants."  Recommendation at 6.  He notes, "Ms. Harvey's alleged familiarity with the standard of care for physician assistants was partially based on a telephone conversation with a nurse practitioner regarding what to 'do for patients who come in and have a cough.'  (*See* Exhibit A-3 at pp. 66-67). Other than Ms. Harvey's conclusory allegations, there is no evidence before the court that the standard of care for diagnosis and treatment applicable to the Bureau of Prisons' physicians and physician assistants in Colorado is substantially identical to that with which Ms. Harvey is familiar.  The court cannot conclude that Ms. Harvey has 'a firm grasp on the appropriate standards, techniques and practices within the profession or specialty about which he or she is opining.'" *Id.* at 7-8 (quoting *Redden v. SCI Colorado Funeral Servs., Inc.,* 38 P.3d 75, 82-83 (Colo. 2001)(*en banc*)).  Magistrate Judge Shaffer finally noted that Mr. Harvey had retained Steven Klompus as an expert witness, who will

testify at trial regarding the care and treatment Mr. Harvey received from Bureau of Prisons' physician assistants. *Id.* at 8. "Thus, the striking of Ms. Harvey's expert report and preclusion of her opinion testimony will not prohibit Mr. Harvey from presenting other evidence on the standard of care for the physician assistants whose conduct is at issue in this lawsuit." *Id.* at 9.

Magistrate Judge Shaffer advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. *Id.* at 9. Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Shaffer that Ms. Harvey's personal experiences and observations of nurses and physician assistants do not make

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

her qualified under Colorado law to give opinion testimony on the standard of care for physicians and physicians assistants.  Accordingly, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge dated November 7, 2005, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Defendant's Motion to Strike Expert Report and Expert Testimony of Elisabeth Harvey is **GRANTED**.

Dated:  July 13, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge