IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-188-WYD-CBS

ESTATE OF WILLIAM E. HARVEY,
through Administrator Joan Grace,
LISA HARVEY, and
WILLIAM B. HARVEY, a minor,
by and through his mother, CORAL CREEK

	Plaintiffs,

v.

UNITED STATES OF AMERICA,

	Defendant.
_____

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S ORDER**
_____

	This matter is before the Court on Defendant's Motion to Strike Expert Reports of Dr. Kristie Bobolis and Dr. Brent Van Hoozen, or in the Alternative, Request to Redepose These Experts [# 102], which was filed on September 19, 2005.  The matter was referred to Magistrate Judge Shaffer, and he issued an Order on the record regarding the motion on October 20, 2005, and a written Memorandum Order on November 28, 2005, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72(a), D.C.COLO.LCivR. 72.1(C)(1).  The Order, which Plaintiff now appeals, states, "The motion is granted in that the Court will allow the Defendants to redepose Drs. Bobolis and Van Hoozen.  The costs of the re-opened depositions will be imposed on the Plaintiff, Mr. Harvey.  The re-opened depositions

shall not exceed TWO HOURS each, per doctor.  The Court will determine a sum certain outer-dollar limit for the costs of the depositions over which Mr. Harvey will not be required to pay." Courtroom Minutes/Minute Order dated October 20, 2005. Plaintiff filed his Objections to the Magistrate Judge's Order Imposing Sanctions on October 31, 2005.  Judge Shaffer filed his Memorandum Order Regarding Defendant's Motion to Strike Expert Reports of Dr. Kristie Bobolis and Dr. Brent Van Hoozen, or in the Alternative, Request to Redepose These Experts on November 28, 2005. Defendant filed a Response in Opposition to Plaintiff's Objections to Magistrate Judge's Order Imposing Sanctions on December 30, 2005.

Because Plaintiff filed timely Objections, I must review Magistrate Judge Shaffer's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive.  FED. R. CIV. P. 72(a).  "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

Before reviewing the merits of Magistrate Judge Shaffer's Order, I initially note the history of this case since the filing of the Motion at issue.  During the period of time when Defendant's Motion was filed, Magistrate Judge Shaffer held a hearing and then ruled on the motion, and Plaintiff filed his Objections to Magistrate Judge Shaffer's Order, Plaintiff William Harvey was proceeding pro se in this matter.  On March 8, 2006, Defense counsel filed a Motion to Stay Discovery, stating that she had been contacted by attorney John Olsen, who informed her that Mr. Harvey had passed away

on or about February 5, 2006.  Defendant requested that "the Court stay discovery, including the re-depositions of Dr. Kristie Bobolis and Dr. Brent Van Hoozen, until a proper plaintiff is substituted for Harvey or this action is dismissed."  Mot. to Stay at 3.  On March 10, 2006, Magistrate Judge Shaffer granted Defendant's Motion via Minute Order, staying discovery for an indefinite period of time and setting a status conference.  On March 24, 2006, John Olsen entered an appearance on behalf of Plaintiff William Harvey and also filed a Suggestion of Death, reporting that William Harvey died on February 5, 2006.  On May 8, 2006, the Representative and Successors of William E. Harvey filed a Motion for Substitution of Parties Pursuant to F.R.C.P. 25(a)(1).  Magistrate Judge Shaffer granted that motion on August 2, 2006.

With that background, I now consider Magistrate Judge Shaffer's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive.  FED. R. CIV. P. 72(a).  Magistrate Judge Shaffer's Order is summarized in the Courtroom Minutes/Minute Order issued October 20, 2005.  His full analysis was provided in a 28-page Memorandum Order Regarding Defendant's Motion to Strike Expert Reports of Dr. Kristie Bobolis and Dr. Brent Van Hoozen, or in the Alternative, Request to Redepose These Experts [# 129], filed on November 28, 2005.  In that Order, Magistrate Judge Shaffer lays out the detailed factual history that led up to this motion and a very detailed analysis for why the Plaintiff's Experts, Dr. Kristie Bobolis and Dr. Brent Van Hoozen, should be re-disposed.  Magistrate Judge Shaffer found that Harvey had failed to comply in a timely manner with his obligations under Rule 26(e)(1) and that his failure was not substantially justified or harmless.  He further

stated, "After carefully considering the *Woodworker's* factors [from *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999)] and the objectives underlying Rule 37(c), I find that the sanction specifically requested by the United States is not warranted under the facts in this case. . . . . I conclude that a lesser sanction is sufficient to vindicate the interests underlying Rule 26(a) and (e)."

Order at 25.  Magistrate Judge Shaffer went on to state,

> Recognizing the additional costs that inevitably result from inefficient discovery, I will also require, as an appropriate sanction for Plaintiff's failure to comply with disclosure obligations under Rules 26, that Mr. Harvey pay the amount of $750 to defray a portion of the additional expense that may be incurred by the United States as a result of these additional depositions. *See Wasko v. Moore*, 2005 WL 226241, *3 (10th Cir. 2005) (noting that even if a party "shows a total inability to pay, 'the court may assess a moderate sanction to deter future abusive litigation'").  *See also Dodd Insurance Services, Inc. v. Royal Insurance Co.*, 935 F.2d 1152, 1160 (10th Cir. 1991) (noting that a party's professed inability to pay a monetary sanction is not an absolute bar; the party being sanctions has the burden of coming forward with evidence of their financial status or their inability to pay any sanction).  I will stay this portion of the Memorandum Order for a period of 14 days to allow Plaintiff Harvey an opportunity to present evidence of his inability to pay the sanction imposed. Plaintiff will also be responsible for any fees charged by Dr. Bobolis or Dr. Van Hoozen to prepare for and attend their second deposition. *Cf. Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 642 (D. Kan. 2001).  The court concludes that no other sanction is appropriate or necessary to achieve the objectives underlying Rules 26 and 37.

Order at 26-27.  I find that Magistrate Judge Shaffer's analysis is not clearly erroneous or contrary to law.

For the reasons outlined above, the Order of the United States Magistrate Judge

is **AFFIRMED and ADOPTED**.  Accordingly, it is

ORDERED that Defendant's Motion to Strike Expert Reports of Dr. Kristie Bobolis and Dr. Brent Van Hoozen, or in the Alternative, Request to Redepose These Experts is **GRANTED IN PART AND DENIED IN PART**.  It is

FURTHER ORDERED that Defendant's Motion is granted to the extent it seeks to Redepose Dr. Kristie Bobolis and Dr. Brent Van Hoozen.  It is

FURTHER ORDERED that the Motion is denied to the extent it seeks to strike the expert reports of Dr. Bobolis and Dr. Van Hoozen.  It is

FURTHER ORDERED that Plaintiffs are required to pay $750 to defray a portion of the additional expense that may be incurred by Defendant as a result of these additional depositions and Plaintiffs will be responsible for any fees charged by Dr. Bobolis or Dr. Van Hoozen to prepare for and attend their second depositions.

Dated:  August 28, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge