IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-00188-WYD-CBS

ESTATE OF WILLIAM E. HARVEY, through Administrator Joan Grace; and
WILLIAM B. HARVEY,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER comes before the Court on the Defendant's Motion for Partial Summary Judgment (Docket # 200), filed June 15, 2007.  After reviewing the motion as well as the response and reply, I find that the Motion for Partial Summary Judgment must be denied.  My analysis is set forth below.

II.    <u>FACTUAL BACKGROUND</u>

The Plaintiffs are asserting several claims in this matter including wrongful death and a survival action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq.   At issue in this Order is Plaintiff Estate of William E. Harvey's survival claim asserted pursuant to Colo. Rev. Stat. 13-20-101.  The following facts are relevant to the particular motion at issue.

By way of background, this case involves both a wrongful death claim and a

survival action arising out of the death of William E. Harvey ("Harvey"). Harvey was an inmate incarcerated at the Federal Correctional Institute ("FCI") in Englewood, Colorado from September 1991 to July of 2002. (Compl. ¶ 5.) On January 29, 2004, Harvey initially filed the above-captioned lawsuit. (Compl. at 11.) In the Complaint, Harvey alleged that he suffered from medical malpractice when his lung cancer was misdiagnosed by the Defendant in 2000. Harvey claimed that had the Defendant performed a bronchoscopy in 2000, his cancer would have been discovered before it progressed to an advanced stage. Harvey further argued that the Defendant's failure to diagnose his lung cancer in 2000 was medical malpractice under the FTCA. (Compl. ¶ 44.) On February 5, 2006, Harvey died. (Second Am. Compl. ¶ 26.)

On March 24, 2006, attorney John R. Olsen entered an appearance on behalf of Mr. Harvey, by and through his estate and immediate family members as follows: Estate of William E. Harvey, Lisa Harvey, William B. Harvey (a minor, by and through his mother, Coral Creek), Joan Grace, and Elisabeth Harvey. (Docket #148.) Also on March 24, 2006, Plaintiffs' counsel filed a Suggestion of Death. (Docket #149.) On May 8, 2006, Plaintiffs filed a Motion for Substitution of Parties Pursuant to Fed. R. Civ. P. 25(a)(1) ("Substitution Motion"). (Docket #153.)

The Substitution Motion requested substitution of "the representative and successors of William E. Harvey, who are as follows: Estate of William E. Harvey; Lisa Harvey, his daughter; and William B. Harvey, his son, a minor, by and through his mother, Coral Creek." (Docket #153.) The Substitution Motion went on to state that Fed. R. Civ. P. 25(a)(1) "requires that upon the filing of a suggestion of death, a motion

for substitution of parties must be filed within 90 days. *See Grandbouche v. Lowell*, 913 F.2d 835, 836-37 (10th Cir. 1990)." (Docket #153.) "Pursuant to the Rule, a successor and/or representative may file the motion for substitution of parties." (Docket #153.) The Substitution Motion further states that "[t]he Estate of William E. Harvey (Administrator Joan Grace) is a successor and representative. Lisa Harvey (daughter) and William B. Harvey (son) are successors. The later, William B. Harvey, is a minor and therefore appears by and through his mother, Coral Creek." (Docket #153.) In an affidavit attached to the Substitution Motion, Plaintiffs' counsel declares the following: "Joan Grace is proceeding as administrator of the Estate of William E. Harvey. Said proceedings are informal in the State of California but may be converted in the future to formal proceedings." (Docket #153, Ex. 1.)

On September 5, 2006, Plaintiffs Estate of William E. Harvey, Lisa Harvey, and William B. Harvey, a minor by and through his mother, Coral Creek, filed a Second Amended Complaint. (Docket #164.) On July 12, 2007, Joan Grace was appointed by the Boulder County District Court (State of Colorado) as the personal representative of the Estate of William E. Harvey.

III.   ANALYSIS

In its motion for partial summary judgment, Defendant requests the following relief: (1) the Estate of William E. Harvey, by and through Administrator Joan Grace, be dismissed pursuant to Fed. R. Civ. P. 25(a); (2) the Survival Claim under Colo. Rev. Stat. § 13-20-101 be dismissed as no party exists to bring the action; and (3) the claims seeking damages pursuant to Colo. Rev. Stat. § 13-20-101 be dismissed pursuant to

Fed. R. Civ. P. 12(b)(1) for failure to administratively exhaust.

### A. Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

In the Tenth Circuit, evidence considered by the court in ruling on a motion for summary judgment must be evidence that is admissible at trial. "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). "Hearsay testimony cannot be considered because "[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill." *Id.* (internal citations omitted). Further, under Rule 56(e), evidence offered in opposition to a motion for summary judgment must be "'made on personal knowledge . .

. set forth such facts as would be admissible in evidence, and . . . show affirmatively that the witness is competent to testify to the matters' set forth therein." *Id.*

  B.  <u>Whether Partial Summary Judgment is Proper in this Case</u>

Defendant argues that the survival claim asserted pursuant to Colo. Rev. Stat. 13-20-101 by the Plaintiff Estate of William E. Harvey, by and through Administrator Joan Grace, should be dismissed with prejudice pursuant to Fed. R. Civ. P. 25(a) because the Plaintiffs failed to substitute the estate within the 90 days permitted by Rule 25(a). Specifically, Defendant states that because no estate was opened in the 90 days permitted by Rule 25, the substitution of the party, Estate of William E. Harvey, "was a nullity, and thus, the survival claim should be dismissed." (Def.'s Mot. at 7.)

Plaintiffs, on the other hand, state that this case involves Colorado probate law and claims arising from negligent conduct that occurred at the FCI in Englewood, Colorado. Therefore, Colorado law is applicable to the case. Plaintiffs argue that pursuant to Colorado state law, when a personal representative is appointed in Colorado, "[t]he powers of a personal representative relate back in time to give acts by the person appointed that are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter." Colo. Rev. Stat. §15-12-701. Here, Plaintiffs state that on July 12, 2007, Joan Grace was appointed by the Boulder County District Court as the personal representative of the Estate of William E. Harvey.[1] Thus, Plaintiffs argue that the issue before the Court is whether the actions of Joan Grace, the personal representative, were beneficial to the estate prior to her appointment.

---

[1] The probate matter is Case No. 2007PR324, Boulder District Court.

Turning to my analysis, I note that Fed. R. Civ. P. 25(a)(1) reads as follows:

> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

*Id.* After carefully reviewing the pleadings and the attached evidence and drawing all reasonable inferences therefrom in the light most favorable to the Plaintiffs, I find that there are genuine issues of material fact. Specifically, the Plaintiffs demonstrated through their Opposition to Motion for Partial Summary Judgment that there are genuine issues of material fact regarding the following issues: (1) whether the substitution of parties under Rule 25(a) was proper; (2) whether Joan Grace is the administrator of the Estate of William E. Harvey; and (3) whether Plaintiffs exhausted their administrative remedies under the FTCA. Plaintiffs attached evidence to their Opposition indicating that Joan Grace was indeed appointed personal representative of the Estate of William E. Harvey in the Boulder County District Court. Plaintiffs also presented an affidavit of Joan Grace, in which she declares that "[a]t the time of my prior actions, I believed that under the laws of the State of California, I was the personal representative even though no formal procedures were required to be instituted for such a small estate." (Ex. 3.) Accordingly, I find that there are genuine

issues of material fact regarding the issues set forth above, and that partial summary judgment is not proper at this time.

IV.     CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Partial Summary Judgment (Docket # 200), filed June 15, 2007, is **DENIED**.

Dated:  October 31, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge